■ QUALITY JEWELRY COMPANY, INC., Appellant, v ASHER SPITZER et al., Defendants. MATARAZZO BLUMBERG & ASSOCIATES, P. C., et al., Respondents; ISER ABRAMOVITZ, Appellant. MATARAZZO BLUMBERG & ASSOCIATES, P. C., et al., Respondents, v ISER ABRAMOVITZ et al., Appellants. [673 NYS2d 145] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about March 12, 1997, which, inter alia, denied appellants' motion for a declaration that respondent law firm Matarazzo Blumberg & Associates, P. C. (MBA), had been relieved from representing appellants for cause, and found that

appellants were obligated to reimburse MBA for disbursements made in their behalf in the amount of $2,692.29 and for $1,000 in LEXIS legal research fees also expended by MBA in the course of appellants' representation, unanimously affirmed, with costs.

We see no reason to disturb the court's determination that the representational relationship between respondent law firm and appellants was terminated by reason of irreconcilable differences and not "for cause". Although appellants contend that a full evidentiary hearing was necessary to the proper adjudication of this issue, appellants failed to raise any issue warranting such a hearing. Moreover, the motion court, having presided over all aspects of the underlying litigation for several years, was well situated to evaluate the quality of the representation afforded by respondent law firm, and the court, after hearing extensive argument and considering the parties' written submissions, appropriately deemed that representation to have been "extremely competent". Nor was a full evidentiary hearing necessary to resolve the parties' dispute as to the extent of appellants' obligation to reimburse respondent for documented disbursements and legal research expenditures. In determining the reasonableness of MBA's claims for reimbursement, the motion court took into account all relevant factors, and, we note, ultimately awarded an amount significantly less than that claimed. It should be emphasized that the motion court did not in the presently disputed ruling undertake to determine without an evidentiary hearing the reasonable value of the legal services rendered by respondent to appellants. Concur—Sullivan, J. P., Rosenberger, Rubin and Williams, JJ.